CORRECTED: NOVEMBER 2, 2017
RENDERED: NOVEMBER 2, 2017
TO BE PUBLISHED



$\mathfrak{Supreme~Court~of~Kentucky}$

2016-SC-000243-DG

SAINT AUGUSTINE SCHOOL;
DIOCESE OF COVINGTON

APPELLANTS

V.

ON REVIEW FROM COURT OF APPEALS
CASE NO. 2014-CA-001518
BRACKEN CIRCUIT COURT NO. 13-CI-00024

JANET CROPPER

APPELLEE

**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**AFFIRMING AND REMANDING**

Janet Cropper was dismissed from her job as the lay administrator of

Saint Augustine School, an elementary school affiliated with the Roman

Catholic Diocese of Covington. She then brought this action against the

diocese, the school, and the pastor of the Saint Augustine Church[1], claiming

damages for, among other theories of recovery, breach of her employment

contract. On discretionary review, we hold that the trial court and the Court of

Appeals panel did not err when they ruled–for different reasons–that Cropper is

---

[1] The appellants are collectively referred to as Saint Augustine in this opinion.

not barred from asserting her breach-of-contract claim. In affirming the result reached by the Court of Appeals panel, we reject the argument from the diocese that the ecclesiastical-abstention doctrine bars this breach of contract claim. Accordingly, we remand the case to the trial court for proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

The Roman Catholic Diocese of Covington employed Janet Cropper to be the lay administrator of Saint Augustine School for the 2011-12 academic year. Near the end of the 2011-12 school term, the diocese renewed Cropper's employment contract for the following academic year. But on the eve of the opening of the school term, Father Gregory Bach, Saint Augustine's Pastor, informed Cropper that her job as lay administrator was eliminated and her employment with the diocese was terminated, stemming from the school's declining enrollment and dwindling operating funds.

Cropper then sued Saint Augustine for, among other theories of recovery, breach of her employment contract. Both Cropper and Saint Augustine filed motions for summary judgment. The trial court ruled in favor of Cropper that her claims were not barred by the ecclesiastical-abstention doctrine but ultimately ruled in favor of Saint Augustine that, as a matter of law, Cropper could not show a breach of her employment contract. Cropper appealed the trial court's decision, and the Court of Appeals reversed the trial court's determination that Cropper could not prove a breach of contract and remanded the case to the trial court for further proceedings. The appeals panel rejected

2

the application of the ministerial-exception doctrine without mentioning the application of the ecclesiastical-abstention doctrine.

## II. ANALYSIS.

### A. Standard of Review.

We review a trial court's granting of a party's summary judgment motion de novo.[2] "On appeal, '[t]he standard of review...of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law.'"[3]

### B. Substantive Analysis.

Saint Augustine argues that the ecclesiastical-abstention doctrine bars Cropper from asserting a claim for damages for breach of her employment contract. As a matter of clarification, both the ecclesiastical-abstention and ministerial-exception doctrines operate as affirmative defenses, not as jurisdictional bars, that the party asserting the defenses bears the burden of proving.[4]

We note that Saint Augustine not only did not argue that the ministerial-exception doctrine applies in its defense, but specifically asserted that it is not arguing for the application of this doctrine to the facts of this case:

---

[2] *Caniff v. CSX Transp., Inc.*, 438 S.W.3d 368, 372 (Ky. 2014).

[3] *Id.* (quoting *Pearson ex rel. Trent v. Nat'l Feeding Sys., Inc.*, 90 S.W.3d 46, 49 (Ky. 2002)).

[4] *Kirby v. Lexington Theological Seminary*, 426 S.W.3d 597, 607-08 (Ky. 2014) ("ministerial exception is an affirmative defense that must be pleaded and proved"); *Saint Joseph Catholic Orphan Society v. Edwards*, 449 S.W.3d 727, 737 (Ky. 2014) ("ecclesiastical-abstention doctrine is an affirmative defense").

3

"...Appellants are not pursuing their ministerial exception defense...Instead, Appellants are taking their stand solely on [the] broader abstention doctrine...."[5] So we will not analyze the ministerial exception and its possible application to this case and confine our analysis to the ecclesiastical-abstention doctrine.

### 1. Ecclesiastical-Abstention Doctrine.

The ecclesiastical-abstention doctrine prohibits secular courts from adjudicating predominantly religious issues, such as disputes relating to faith, doctrine, and denominational governance because doing so violates the Establishment and Free Exercise Clauses of the First Amendment.[6] We recognized the ecclesiastical-abstention doctrine in Kentucky law in *Kirby v. Lexington Theological Seminary*:

> At bottom, the ecclesiastical abstention doctrine is primarily interested in preventing any chilling effect on church practices as a result of government intrusion in the form of secular courts. But when the case merely involves a church, or even a minister, but does not require the interpretation of actual church doctrine, courts need not invoke the ecclesiastical abstention doctrine. No entanglement concern arises as a result of the mere inference of religion. Courts must "look not at the label placed on the action but at the actual issues the court has been asked to decide."[7]

This court in *Saint Joseph Catholic Orphan Society v. Edwards* also expounded on the ecclesiastical-abstention doctrine:

> But churches are not the only [beneficiaries] of ecclesiastical abstention. All religious organizations are entitled to protection under the First Amendment, so all suits that present an ecclesiastical character, those "which concern theological

---

[5] Brief for Appellant at 31.

[6] *Saint Joseph Catholic Orphan Society v. Edwards*, 449 S.W.3d 727 (Ky. 2014); 133 Am. Jur. Trials 379, § 7 (2014).

[7] 426 S.W.3d 597, 619 (Ky. 2014) (internal citations omitted).

4

controversy, church discipline, ecclesiastical government, or the conformity of the members of the church to the standard of morals required of them" fall within the scope of the ecclesiastical-abstention doctrine.[8]

Under the ecclesiastical-abstention doctrine, the question at the heart of whether Cropper's contract claim should be allowed is "whether [Cropper's] breach of contract claim can be decided without wading into doctrinal waters."[9]

Simply stated, deciding Cropper's breach of contract claim does not require application of church law or doctrine. In fact, Saint Augustine's justification for the Cropper's dismissal stems from declining student enrollment and shrinking revenues. No matter the extent of Cropper's involvement in the religious life of Saint Augustine, adjudicating her damages claim for breach of her employment contract does not require the secular court's "wading into doctrinal waters"; it is simply the termination of the lay administrator at a parochial school. Even if Cropper had been a prominent actor in the religious life of the community, unless Saint Augustine fired her for reasons associated with the application of church doctrine or governance, the ecclesiastical-abstention doctrine would not apply.

This case mirrors the factual circumstances of *Kirby* almost perfectly. In *Kirby*, this court held the ecclesiastical-abstention doctrine not to apply to a breach-of-contract claim raised by a tenured professor, Kirby, who taught Christian social ethics at the Lexington Theological Seminary.[10] The Seminary

---

[8] 449 S.W.3d at 739.

[9] *Id.* at 620.

[10] *Kirby v. Lexington Theological Seminary*, 426 S.W.3d 597, 601 (Ky. 2014).

terminated Kirby's position because of a "tsunami of economic disasters" causing the Seminary's budget to shrink dramatically.[11] In this case, Cropper was the lay administrator—the principal—of Saint Augustine School, which terminated her position because enrollment was dropping and money was tight. We follow this Court's rejection of the Lexington Theology Seminary's ecclesiastical-abstention doctrine defense in *Kirby* by rejecting Saint Augustine's ecclesiastical-abstention doctrine defense today.

Therefore, we hold that the ecclesiastical-abstention doctrine affirmative defense does not apply in this case because Cropper's "breach-of-contract claim requires no inspection or evaluation of church doctrine. Neutral principles of law can be applied. According, the ecclesiastical abstention doctrine does not apply...."[12]

## III.    CONCLUSION.

We affirm the result reached by the Court of Appeals panel and hold that the ecclesiastical abstention doctrine does not apply to the facts of this case. Accordingly, we remand this case to the trial court for further proceedings.

All sitting. All concur.

---

[11] *Id.* at 603.

[12] *Id.* at 619.

COUNSEL FOR APPELLANTS:

Richard G. Meyer
Nicholas Charles Birkenhauer
Dressman Benzinger Lavelle PSC

COUNSEL FOR APPELLEE:

Gail Marie Langendorf
Busald, Funk & Zevely, PSC

# Supreme Court of Kentucky

### 2016-SC-000243-DG

SAINT AUGUSTINE SCHOOL;                                    APPELLANTS
DIOCESE OF COVINGTON

ON REVIEW FROM COURT OF APPEALS
V.                          CASE NO. 2014-CA-001518
BRACKEN CIRCUIT COURT NO. 13-CI-00024

JANET CROPPER                                                APPELLEE

## ORDER CORRECTING

The Opinion of the Court rendered November 2, 2017 is corrected on its

face by substitution of the attached Opinion in lieu of the original Opinion.

Said correction does not affect the holding of the original Opinion of the

Court.

ENTERED: November 2, 2017

_____
CHIEF JUSTICE